**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Russell Joseph Baron,<br><br>        Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>        Respondents. | No. CV-21-01072-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Camille D. Bibles (Doc. 20) regarding Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the following reasons the R&R is adopted, and Petitioner's Petition for Writ of Habeas Corpus is denied with prejudice and a certificate of appealability is denied.

### BACKGROUND

Russell J. Baron was convicted of second-degree murder on September 4, 2013. On October 21, 2016, a state trial court sentenced him to twenty-four years of imprisonment. (Doc. 20 at 1.) On March 19, 2018, the Arizona Court of Appeals affirmed his conviction and sentence on direct appeal. *State v. Baron*, 1 CA-CR 16-0769 (App. Jan. 30, 2018). Petitioner did not appeal his conviction to the Arizona Supreme Court, but on June 25, 2018, he filed a notice of post-conviction relief under Arizona Rule of Criminal Procedure 32 in a state trial court. His Rule 32 action was dismissed as untimely on August 1, 2018.

Three years later, on June 21, 2021, he requested relief from his conviction by filing a federal Petition for Writ of Habeas Corpus in this Court under 28 U.S.C. § 2254. Upon receiving his Petition, the Court referred it to a magistrate judge, who submitted an R&R addressing the Petition on October 20, 2021. *Thomas v. Arn*, 474 U.S. 140, 141 (1985) ("[A] district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions."). The R&R recommends that the Petition be denied because: **(1)** it is barred by the statute of limitations provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and **(2)** Petitioner failed to exhaust his remedies in state court. Further, the R&R recommends that "a certificate of appealability should be denied because [Petitioner] has not made a substantial showing of the denial of a constitutional right." (Doc. 20 at 14.)

In response, Petitioner requested that the Court allow him "to voluntarily dismiss his Writ of Habeas Corpus Petition without prejudice" pursuant to Federal Rule of Civil Procedure 41(a) because Arizona Rule of Criminal Procedure 32.16(a)(4)(B) supposedly affords him more time to exhaust state remedies. (Doc. 21 at 2); *See* Ariz. R. Crim. Proc. 32.16(a)(4)(B) ("If the time for filing the petition or cross-petition for review has expired, the party may request the trial court's permission to file a delayed petition or cross-petition for review."). If his post-conviction relief can still be reviewed in state court, Petitioner argues, he has not failed to exhaust state remedies. And, thus, if the Court dismisses his Petition without prejudice, he can save his federal habeas petition from procedural default by re-filing it after the trial court reviews his request to file a delayed petition. He does not object to the remaining substance of the R&R, thus, the Court, finding the R&R well taken, only addresses the arguments Petitioner raises in his objection.

**DISCUSSION**

Federal Rule of Civil Procedure 41(a)(1) allows a plaintiff to voluntarily dismiss an action without a court order before an opposing party files either an answer or a motion for summary judgment. Here, the State filed a response to Petitioner's Petition on August 2, 2021, which precludes Petitioner from voluntarily dismissing his Petition. (Doc. 9.)

Otherwise, Federal Rule of Civil Procedure 41(a)(2) permits a court to dismiss an action at the plaintiff's request "only by court order, on terms the court considers proper." In the Ninth Circuit, the grant or denial of a Rule 41(a)(2) dismissal motion, with or without prejudice, is a matter addressed to the trial court's discretion. *See, e.g.*, *Pacific Fisheries Inc. v. U.S.*, 484 F.3d 1103 (9th Cir. 2007); *Navellier v. Sletten*, 262 F.3d 923 (9th Cir. 2001); *Entrepreneur Media, Inc. v. D. Nicole Enterprises, LLC*, 677 F. App'x 312 (9th Cir. 2017); *Kihagi v. City of S.F.*, No. 15-CV-01168-KAW, 2019 WL 6251203, at *4 (N.D. Cal. Nov. 22, 2019) (finding dismissal with prejudice was proper when parties' claims were barred by res judicata). "The following factors are relevant in determining whether the dismissal should be with or without prejudice: **(1)** the defendant's effort and expense involved in preparing for trial, **(2)** excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] **(3)** insufficient explanation of the need to take a dismissal." *Delivery Fin. Servs. LLC v. Lemberg L. LLC*, No. CV-18-04242-PHX-ESW, 2020 WL 364183, at *1 (D. Ariz. Jan. 22, 2020).

Here, Petitioner failed to file his habeas petition in a timely manner. It is barred by the statute of limitations, and this deprives the Court of any ability to otherwise dismiss the claim without prejudice to refiling. The one-year statute of limitation on habeas petitions begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). As Judge Bibles noted, and Baron does not contest, his conviction became final on March 1, 2018, for purposes of the running of the statute of limitations on any federal habeas action. Since Barron did not file a petition for review, or timely file a state PCR petition, the statute of limitations for a federal habeas petition from him expired on March 2, 2019. Although he could have tolled the statute of limitations by the timely filing of a petition for post-conviction relief or by obtaining permission of the state court to file a delayed PCR petition, Ariz. Crim. R. 32.16(a)(4)(b), he did neither. Thus, he did not toll the running of the statute of limitations, and it has expired. Even though a state court might interpret rule 32.16(a)(4)(b), to allow a state court to authorize petitioner to file a second delayed PCR

petition, such an authorization does not prevent the statute of limitations on any federal habeas claim from running due to petitioner's failure to obtain permission to delay the filing of his first late PCR petition. *Pace v. Diuglielmo*, 544 U.S. 408, 413 (2005). He thus cannot take advantage of Ariz. Crim. R. 32.16(a)(4)(B) to argue that the statute of limitations on his federal habeas claim did not, in fact, expire.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge (Doc. 20) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment **DENYING AND DISMISSING** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2254 with prejudice.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because appellant has not shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); see also 28 U.S.C. § 2253(c)(2); Gonzalez v. Thaler, 132 S. Ct. 641, 648 (2012); Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Dated this 4th day of October, 2022.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge